# UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

ANTHONY DION COLLINS, §
§
    Petitioner, §
§
*versus* §      CIVIL ACTION NO. 1:17-CV-161
§
WARDEN, FCI BEAUMONT LOW, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Christopher Helm, an inmate confined at FCI Beaumont Low proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After a careful review, this court finds the objections lacking in merit. *Descamps*[1] and *Mathis*[2] did not announce a new rule of law made retroactively applicable to cases on collateral

---

[1]      *Descamps v. United States*, 133 S.Ct. 2276 (2013).

[2]      *Mathis v. United States*, 136 S.Ct. 2243 (2016).

review. *See United States v. Morgan*, 945 F.3d 664 (5th Cir. 2017) (*Descamps* did not announce a new rule of law that was retroactively applicable to cases on collateral review); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law that was retroactively applicable to cases on collateral review). Furthermore, the Fifth Circuit's decisions in *Hinkle*[3] does not compel a different result as the court applied *Mathis* on direct appeal, not collateral review. Moreover, *Hinkle* was decided by the Fifth Circuit Court of Appeals and not by the Supreme Court.

Petitioner's grounds for review do not meet the test established by the Fifth Circuit in *Reyes-Requena*. 243 F.3d 893, 904 (5th Cir. 2001). His grounds for review are not based on a retroactively applicable Supreme Court decision and do not demonstrate petitioner was convicted of a nonexistent offense. Petitioner's challenge to his sentence is not the type of claim that warrants relief under § 2241 because it challenges the punishment imposed rather than the conviction itself. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). As a result, petitioner's grounds for review fail to establish § 2255 is insufficient to challenge his detention.

**ORDER**

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is

---

[3] *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

**ADOPTED.** A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

SIGNED at Beaumont, Texas, this 13th day of June, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE